UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MARC. J. STOUT

      Plaintiff,

v.                                            Case No. 1:21-cv-493

1ST SGT. HARRIS, *et al.*

      Defendants.

## ANSWER

Defendants 1st Sgt. Harris ("Harris") and Deputy M. Foster ("Foster")(collectively, "Defendants"), by counsel, submit the following Answer and Affirmative Defenses to the Complaint filed by Plaintiff Marc. J. Stout ("Plaintiff").

1. Defendants admit the allegations in paragraph 1 of the Complaint.

2. In response to the allegations in paragraph 2 of the Complaint, Defendants admit that Foster approached Plaintiff in the Spotsylvania Mall parking lot and began an interaction with Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and, therefore, deny the same.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. In response to the allegations in paragraph 4 of the Complaint, Defendants admit that Foster informed Plaintiff the reason for attempting to stop Stout and that the reason was because mall security had witnessed Plaintiff drop a baggie of what appeared to be narcotics in the mall. Defendants deny the remaining allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. In response to the allegations in paragraph 7 of the Complaint, Defendants admit that Harris informed Plaintiff he was under arrest and that Foster would explain the reason. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and, therefore, deny the same.

8. In response to the allegations in paragraph 8 of the Complaint, Defendants admit that they took Plaintiff into custody for suspicion of possessing a controlled substance. Defendants deny the remaining allegations in paragraph 8.

9. In response to the allegations in paragraph 9 of the Complaint, Defendants admit that Plaintiff wanted to go before the magistrate as soon as possible. Defendants deny the remaining allegations in paragraph 9.

10. In response to the allegations in paragraph 10 of the Complaint, Defendants admit they suspected the controlled substance Plaintiff dropped in the mall to be either methylenedioxymethamphetamine ("MDMA") because of the shirt Plaintiff was wearing or cocaine. Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11. In response to the allegations in paragraph 11 of the Complaint, Defendants admit that Plaintiff expressed the erroneous belief that possessing an imitation controlled substance was not against the law. *See* Va. Code § 18.2-248(A). Defendants deny the remaining allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. In response to the allegations in paragraph 14 of the Complaint, Defendants admit that they identified Plaintiff after removing a wig and full-face mask he was wearing as part of the

*Terry* search conducted upon taking Plaintiff into custody. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14 of the Complaint and, therefore, deny the same.

15. In response to the allegations in paragraph 15 of the Complaint, Defendants admit that Plaintiff has a pending lawsuit against Harris. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to what any judge in any of Plaintiff's numerous criminal charges stated and, therefore, denies the same. Defendants deny the remaining allegations in paragraph 15.

16. In response to the allegations in paragraph 16 of the Complaint, Defendants admit that Plaintiff was released. Defendants deny that Plaintiff was ever charged with any crime. Defendants deny the remaining allegations in paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny Plaintiff was injured in any way.

21. Defendants deny they violated Plaintiff's constitutional rights in any manner.

22. Defendants deny any wrongdoing whatsoever.

23. Defendants deny that Plaintiff is entitled to any relief and deny that they are liable to Plaintiff for any amount whatsoever under any theory of liability whatsoever.

24. Defendants deny any and all allegations contained in the headings and/or unnumbered paragraphs of the Complaint.

25. Defendants deny, generally and specifically, each and every allegation in the Complaint not specifically admitted in the above paragraphs.

26. Defendants further state that their investigation to the present matter is ongoing. Accordingly, Defendants reserve the right to amend their Answer.

## AFFIRMATIVE DEFENSES

27. Defendants incorporate paragraphs 1 through 26 by reference.

28. The Complaint fails to state a claim upon which relief can be granted for claims arising under 42 U.S.C. § 1983 or any other theory. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendants and fails to state facts sufficient to entitle Plaintiff to the relief sought.

29. Plaintiff's claims fail to the extent Defendants are entitled to qualified immunity.

30. Plaintiff's claims fail because any injuries suffered by him were the direct and proximate result of his own criminal conduct and actions. Such criminal conduct and actions bar recovery.

31. Plaintiff's claims fail because Defendants acted reasonably under the circumstances as Plaintiff admittedly possessed an imitation controlled substance.

32. Plaintiff's claims fail because Defendants were justified in taking the actions they took to determine whether Plaintiff was or had been in possession of a controlled substance.

33. Plaintiff's claims are frivolous and have no basis in law. Defendants therefore respectfully request that this Court grant them their attorneys' fees and costs under 42 U.S.C. § 1988(b).

34. Defendants respectfully request this Court to include in its order dismissing Plaintiff's claims a statement declaring this lawsuit frivolous for purposes of 28 U.S.C. § 1951(g).

35. Defendants reserve the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, Defendants 1st Sgt. Harris and Deputy M. Foster, by counsel, respectfully request that this Court dismiss this matter with prejudice and award them such other relief that the Court deem just and appropriate.

Date: July 12, 2021

Respectfully submitted,
1ST SGT. HARRIS and
DEPUTY M. FOSTER

By: /s/ Matthew T. Anderson
William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Matthew T. Anderson (VSB No. 86322)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-7545
Facsimile: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
manderson@t-mlaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed this 12th day of July, 2021 via the CM/ECF system. I further certify that, this same day, I mailed a copy to the following party:

Marc J. Stout
30 Willow Branch Place
Fredericksburg, Virginia 22405
Telephone: (540) 408-9952
formulafocused@gmail.com
*Plaintiff Pro Se*

By: /s/ Matthew T. Anderson
William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Matthew T. Anderson (VSB No. 86322)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-7545
Facsimile: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
manderson@t-mlaw.com
*Counsel for Defendants*